## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID LEE SYKES, SR.                            *
                                                *
        v.                              *                Civil Case No. ELH-16-898
                                                *
COMMISSIONER, SOCIAL SECURITY                   *
                                                *
                           ************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' motions, and Mr. Sykes's reply.  [ECF Nos. 15, 20, 21].  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016).  For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Sykes applied for Disability Insurance Benefits and Supplemental Security Income on July 25, 2012, alleging a disability onset date of September 1, 2011.  (Tr. 136-52).  His claims were denied initially on November 2, 2012, and on reconsideration on April 17, 2013.  (Tr. 63-76, 79-94).  An Administrative Law Judge ("ALJ") held a hearing on September 15, 2014, (Tr. 32-62), and subsequently denied benefits to Mr. Sykes in a written opinion dated October 24, 2014.  (Tr. 17-31).  The Appeals Council declined review, (Tr. 1-4), making the ALJ's decision

the final, reviewable decision of the Agency.

The ALJ found that Mr. Sykes suffered from the severe impairments of "diabetes mellitus (DM), neck disorder (status post surgery), back disorder, bilateral foot disorder; peripheral neuropathy and obesity." (Tr. 22). Despite these impairments, the ALJ determined that Mr. Sykes retained the residual functional capacity ("RFC") to:

> perform the sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), provided it does not require more than occasional postural activities, and would not requiring (sic) any climbing or exposure to heights or hazards.

(Tr. 24). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Sykes was capable of performing his past relevant work as a security guard at Tyson Foods.[1] (Tr. 26). Accordingly, the ALJ determined that Mr. Sykes was not disabled. (Tr. 25-26).

Mr. Sykes disagrees. He raises several arguments in support of his appeal. Although not all of Mr. Sykes's contentions are meritorious, the ALJ did not adequately evaluate the opinion of Mr. Sykes's treating physician, Dr. Ceruzzi, and does not appear to have considered whether Mr. Sykes was eligible for a closed period of disability from his alleged onset date to a date on or around his cervical laminectomy in March, 2014. Accordingly, I recommend remand for additional explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Sykes is not entitled to benefits is correct or incorrect.

In his relatively short RFC analysis, the ALJ focused extensively on doctors' evaluations

---

[1] Although Mr. Sykes had performed other security guard jobs that were classified as light work, he testified at the hearing that the job at Tyson Foods allowed him to sit in an office most of the time, walk around when needed to take a break from sitting, and that while he was in the office, he was "filling out the report of the day, or whatever. It wasn't too much for me to do, to tell you the truth." (Tr. 41-42). He testified that he "didn't have to walk around and guard anything unless they called me. Now, if they called me, say, like to escort someone out or – or go get someone from being where they shouldn't be, that's about it." (Tr. 41). In light of that testimony, the VE classified the Tyson's Food security guard job as sedentary work. (Tr. 59). Although Mr. Sykes's attorney suggested that the job as security guard at Tyson Foods required "hanging chickens," "washing totes," and "loading trucks," Pl. Reply at 4, the record is clear that Mr. Sykes performed those tasks as a lineman, which was a separate position. (Tr. 178, 183).

of Mr. Sykes in June and July of 2014, after his surgery.  (Tr. 25).  The ALJ then assigned "little weight" to the opinion of the treating physician, Dr. Ceruzzi, on the basis that, "[t]he claimant had surgery since she prepared the statement and she has not treated the claimant since that time. Her opinion is not well supported by the evidence of improvement."  (Tr. 26) (citation omitted).

The problem with the ALJ's analysis is that Mr. Sykes suffered from his impairments from his alleged onset date in 2011 until his surgery in March, 2014, which appears to have resulted in some improvement.  To qualify for disability benefits, a claimant need not show disability at the time of the hearing. *See Miller v. Comm'r of Soc. Sec.*, No. 13-CIV.-6233, 2015 WL 337488, at *24 (S.D.N.Y. Jan. 26, 2015). Instead, the ALJ is charged with determining whether the claimant was disabled for any consecutive twelve-month period between the alleged onset date and the hearing date. *See id.* "[T]he disability inquiry must be made throughout the continuum that begins with the claimed onset date and ends with the hearing date, much as though the ALJ were evaluating a motion picture at every frame of that time period[.]" *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013).  Cases are subject to remand where an ALJ fails to consider whether a closed period of disability existed. *See, e.g., Shiplett v. Colvin,* No. 5:15-cv-55, 2016 WL 6783270, at *13  (W.D. Va. Nov. 16, 2016) (remanding to determine whether a closed period is appropriate between a surgery and an EMG study revealing no active nerve root irritation);  *Puryear v. Comm'r of Soc. Sec. Admin.,* No. 4:14-cv-00057, 2016 WL 462822, at *6 (Jan. 5, 2016) (remanding for the ALJ to consider a closed period of disability due to "evidence indicating greater impairment before Puryear's surgery"); *Reynoso v. Astrue*, No. CV 10-04604, 2011 WL 2554210, at *5-7 (C.D. Cal. June 27, 2011) (remanding for the ALJ's failure to consider whether claimant had a closed period of disability prior to undergoing surgery); *Dounley v. Comm'r of Soc. Sec. Admin.*, No. 3:08-cv-1388, 2009 WL 2208021, at *8-9

(N.D. Tex. July 22, 2009) (remanding with instructions to consider claimant's entitlement to a closed period where the ALJ relied on medical evidence generated after the surgery that permitted the claimant to work).

In this case, the ALJ's evaluation of the opinion of Mr. Sykes's treating physician, Dr. Ceruzzi, indicates that the ALJ did not consider a closed period of disability prior to surgery. When a medical opinion is from a "treating source," it is given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c). The record indicates that Dr. Ceruzzi had treated Mr. Sykes four times per year since 2011. (Tr. 223). Despite that longitudinal treating relationship during the alleged period of disability, the ALJ's three reasons for assigning only "little weight" to Dr. Ceruzzi's opinion were (1) "the claimant had surgery since she prepared the statement," (2) Dr. Ceruzzi "has not treated the claimant since that time," and (3) "[h]er opinion is not well supported by the evidence of improvement." (Tr. 26) (citation omitted). None of those reasons evaluate the legitimacy of Dr. Ceruzzi's opinion at the time it was written. Accordingly, remand is appropriate to allow the ALJ to provide an appropriate evaluation of the treating source's opinion and to consider whether Mr. Sykes should be eligible for a closed period of disability during any period at or exceeding twelve months between the alleged onset date and the date of the surgery.

4

I am not persuaded by Mr. Sykes's remaining arguments.  First, Mr. Sykes contends that the ALJ failed to fully and fairly develop the administrative record by ordering medical records preceding his alleged onset date.  Pl. Mot. 19-20.  The claimant bears the burden of proof during the first four steps of the sequential evaluation.  *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995).  Because Mr. Sykes was represented by counsel, there is no reason why he could not have presented the records himself or requested that the ALJ obtain any records he believed to be relevant to an assessment of disability.  Second, in light of the evidence adduced regarding the relatively sparse exertional requirements of Mr. Sykes's job as a security guard at Tyson Foods, (Tr. 41-42), the VE's apparent failure to identify the job code for "security guard" in the Dictionary of Occupational Titles (DOT) is irrelevant.  Pl. Mot. 21.  The ALJ did not find that Mr. Sykes could work generally as a security guard, but only that he could do his past relevant work as performed at a single specific location.  (Tr. 26).  The DOT's generic description of the work performed by security guards would not affect that analysis.  Accordingly, I do not recommend remand on either of those grounds.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 20);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 15);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule

301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 4, 2017                                              _____/s/_____

                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge