UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 10, 2017

LETTER TO COUNSEL

RE: *David Lee Sykes v. Commissioner, Social Security Administration*;
Civil No. SAG-16-898

Dear Counsel:

Plaintiff David Lee Sykes has filed a motion seeking payment of $5,584.06 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1] [ECF No. 24]. In response, the Commissioner argues that the Court should order a reduced fee since the hours worked were, in part, clerical and duplicative. (ECF No. 25). I have considered those filings and Plaintiff's reply to the Commissioner's response. (ECF No. 26). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

---

[1] Plaintiff also requests reimbursement of $22.88 in expenses associated with effecting service to the Commissioner. The Commissioner does not dispute Plaintiff's claim. Therefore, Plaintiff will be awarded this amount in addition to his EAJA fees.

In this case, the Commissioner does not contest the hourly rate of $191.86, and does not contest that Plaintiff's attorneys are entitled to receive a fee under the EAJA. The Commissioner's contentions are (1) that Plaintiff's counsel billed for some non-compensable clerical time and (2) that Plaintiff's counsel billed for duplicative work.

Regarding the first issue, "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). Plaintiff's counsel claimed 0.9 hours for the entries stating, "Draft Summons, Complaint, Civil Cover Sheet, Letter to Clerk, Proposed Summons" and "Review Motion for Leave In Forma Pauperis, approve for filing." [ECF No. 24, Ex. 4]. However, in his reply brief, Plaintiff concedes that this time is not compensable and "cede[s] this 0.9 hours to the [Commissioner]." [ECF No. 26]. Therefore, in light of Plaintiff's admission, I will disallow the 0.9 hours claimed for these entries as clerical work.

The Commissioner also contends that further reduction is appropriate for the entry stating "OCR & Live bookmark federal court transcript (507 pages)." Plaintiff's counsel claimed 0.5 hours of work for that item. Although scanning and bookmarking a transcript is clerical work, Plaintiff correctly notes that courts have found such work compensable as paralegal time. [ECF No. 26] (citing *Allen v. Colvin*, No. 1:15-cv-00130-ODE, (N.D. Ga. Oct. 18, 2016) and *Miller v. Colvin*, 5:14-cv-0611-DEP, (N.D.N.Y. Sept. 23, 2015)). Accordingly, I will permit Plaintiff to claim the 0.5 hours requested as paralegal time.[2]

Moreover, Plaintiff's counsel include three entries totaling 2.9 hours for the preparation, review, and submission of the EAJA petition. [ECF No. 24, Ex. 3]. However, EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and attachments. Given the routine nature of these documents, it is difficult to see how they would take experienced counsel and their paralegals significant time to prepare. This Court has determined that "0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case." *Talmo v. Colvin*, No. CV ELH-14-2214, 2015 WL 5897707,

---

[2] In addition, the Commissioner contends that "the paralegal itemization of time includes entries for time spent on what appears to be consulting with a referring attorney." [ECF No. 25]. Specifically, the Commissioner notes two entries totaling 0.5 hours of paralegal time stating, "Email to Referral Source re: Clients [*sic*] medical information," and "Federal Court-Remand Referral back to Referral Source." *Id.* In his reply brief, however, Plaintiff explains that "communication with the client and [his] chosen hearing attorney [is] essential to fulfilling this Court's remand order, and this communication is vital to ensure the client receives representation at the Agency level." [ECF No. 26]. I agree with Plaintiff that this time is compensable as paralegal work, and will allow Plaintiff to claim the 0.5 hours requested.

at *2 (D. Md. Oct. 5, 2015). Accordingly, I will deduct 2.4 hours from the 2.9 hours claimed for the EAJA fee petition.

Furthermore, Plaintiff's counsel claimed nine separate 0.1 hours entries for "reviewing" various docket entries. *See* [ECF No. 24, Ex. 4]. Given that those entries are either boilerplate documents filed in every Social Security appeal or paperless orders which take, at most, mere seconds to read, billing in six minute increments for nine of those tasks is not reasonable. Therefore, I will discount seven of those nine entries, allowing a total of twelve minutes of billable time for reviewing the various boilerplate orders and other customary docket entries. *Barnett v. Colvin*, No. CIV. JKB-14-2588, 2015 WL 1736796, at *3 (D. Md. Apr. 15, 2015).

As to the second issue, the Commissioner argues that the number of attorneys assigned to the case was unreasonable and that Plaintiff's counsel billed for duplicative work. Specifically, the Commissioner notes that "one attorney spent .5 hour[s] preliminarily reviewing the transcript and assigning the case to a second attorney; a second attorney then drafted the brief; and then a third attorney spent .7 hour[s] conducting a 'Senior Attorney' review and edit." [ECF No. 25] (citing [ECF No. 24, Ex. 4]). "[The Fourth Circuit has] been sensitive to the need to avoid use of multiple counsel for task where such use is not justified by the contributions of each attorney." *Abusamhadaneh v. Taylor*, No. 1:11CV939 JCC/TCB, 2013 WL 193778, at *22 (E.D. Va. Jan. 17, 2013). However, "the work of more than one attorney…does not automatically mean overstaffing has occurred." *Id.* In this case, a review of Plaintiff's counsel's billing records does not support the Commissioner's position that this case was overstaffed and that Plaintiff's counsel billed for duplicative work. Notably, each attorney assigned to this matter performed separate, necessary litigation tasks. Although three attorneys worked on Plaintiff's behalf, the hours they expended to review the case record, draft Plaintiff's dispositive motion, and revise Plaintiff's motion, were neither unreasonable nor duplicative. To the extent that Plaintiff's attorneys spent additional time coordinating case tasks with one another, this time was minimal. Moreover, this Court has held that billing a few hours of internal review and discussion between multiple attorneys is reasonable. *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CV CCB-14-2533, 2016 WL 3440191, at *4 (D. Md. June 23, 2016). Accordingly, Plaintiff's counsel did not bill for duplicative work. Therefore, no additional reduction is warranted on this basis.

With the reduction of 4.0 hours, 23.2 hours of attorney time and 5.4 hours of paralegal time will be awarded. At $191.86 per hour for an attorney, and $100.00 per hour for a paralegal, in addition to $22.88 in reimbursement costs, Plaintiff is entitled to an award of $5,014.03. Despite the minor reduction, the amount remains significantly above the heartland of recent EAJA fee awards in cases presenting in a similar procedural posture. *See Frierson v. Comm'r*, Civil No. SAG-16-2150 (May 8, 2017) (awarding fees in the amount of $2,088.69); *Byrd v. Comm'r*, Civil No. SAG-16-2407 (May 8, 2017) (awarding fees in the amount of $4,644.80); *Cole v. Comm'r*, Civil No. SAG-16-1012 (May 4, 2017) (awarding fees in the amount of $2,156.25); *Reddish v. Comm'r*, Civil No. SAG-16-1490 (May 2, 2017) (awarding fees in the amount of $3,801.72); *Harley v. Comm'r*, Civil No. SAG-16-867 (May 2, 2017) (awarding fees in the amount of $4,300.00); *Mosier v. Comm'r*, Civil No. SAG-16-736 (May 1, 2017) (awarding

fees in the amount of $3,500.00). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART. An implementing order follows.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge